DETERMINED IN THE

# FIFTH DEPARTMENT.

AT

# GENERAL TERM

## March, 1885.

---

PHINEAS O. STEVENS, Appellant, v. HARRISON C. CHENEY AND JOHN CARTER, Respondents.

*Civil damage act — action by a father for an injury to his son — what proof of an injury to the father's means of support must be given.*

This action was brought under the civil damage act, to recover damages alleged to have been sustained by the plaintiff by reason of the sale to his son, by the defendants, of intoxicating liquors. The son was a married man, thirty-one years old, and had always lived with his father. In consequence of his intoxication he was run over by the cars, and so injured as to render the amputation of both legs necessary:

*Held,* that in order to recover damages for an injury to his means of support the plaintiff must show:

*First.* That the son was poor and possessed no means of his own, so that the plaintiff would be legally bound to support and maintain him for the future, and that by reason thereof the plaintiff would be without means of support for himself; or,

*Second.* That he, the plaintiff, was a poor person, unable to support and maintain himself, and that his son was legally bound to support him.

That in the absence of proof of these facts he was properly nonsuited.

APPEAL from a judgment, entered upon a nonsuit granted at the Steuben Circuit, and from an order of the Monroe Special Term denying a motion for a new trial made upon a case and exceptions.

*Burrell & Robinson,* for the appellant.

*Eli Soule,* for the respondents.

Haight, J.:

This action was brought to recover damages which, it is alleged, the plaintiff has sustained by injuries to his property or means of support by reason of the intoxication of Carlton Stevens, his son. The defendant Carter was the owner of the hotel and premises known as the Canisteo House. He leased the same to the defendant Cheney for hotel purposes, and took a bond from Cheney indemnifying him against the consequences of violations of the civil damage act.

Carlton Stevens was a married man of the age of thirty-one years. He drank strong and spirituous liquors sold to him by the defendant Cheney at the bar of defendant's hotel, and became so intoxicated that on his way home he was unable to properly care for himself, and, in consequence of such intoxication, was run over by the cars, making it necessary to amputate both of his legs. Carlton has always lived with the plaintiff. The statute provides that "*every husband, wife, child, parent, guardian, employer* or *other person* who *shall be injured* in person or property, or *means of support*, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her name against any person or persons who shall, by selling or giving away intoxicating liquors, have caused the intoxication in whole or in part of such person or persons, and any person owning or renting, or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, shall be liable severally or jointly with the person or persons selling or giving away intoxicating liquors as aforesaid, for all damages sustained," etc. (Chap. 646, Laws of 1873.)

It will be observed that a cause of action is expressly given by statute to a parent and no limitation is made as to the age of the child. It is contended, however, that there can be no recovery for injury in means of support, for the reason that the son was over twenty-one years of age at the time of the injury, and under no legal liability to aid in the support of the plaintiff. Section 914 of the Code of Criminal Procedure, is in substance copied from the Revised Statutes. It provides that " the father, mother and children of sufficient ability, of a poor person who is insane, blind, old,

lame, impotent or decrepid, so as to be unable by work to maintain himself, must, at their own charge, relieve and maintain him." Section 915 and the following sections provide for the manner in which such support may be compelled. Under this statute, the child is bound to aid in the support of a parent if he is a poor person and unable to maintain himself, and if he fails to do so, the Court of Sessions may compel him. If the child recognizes the duty laid upon him by statute to care for his indigent parent, and voluntarily assume it without waiting to be compelled by the Court of Sessions, what right have third persons or wrong-doers to interfere and prevent? The law affords the same protection to those who perform their duty voluntarily as it does to those who reluctantly act under compulsion, and we are of the opinion that if the parent is a poor person within the provisions of the statute, it was the duty of the son to aid in his support, and if he voluntarily did that, and the plaintiff has been deprived of his means of support by reason of the intoxication, that then he may recover even though his child is over the age of twenty-one years. (*Good* v. *Towns*, 30 Alb. Law Jour., 370 ; 56 Vt., 410.) In order to recover, however, he must establish the fact that he has been injured either in his person, property or means of support. In this case there is no claim that the plaintiff has been injured in his person, and there is no evidence tending to show that he has been injured in his property. An injury to property is an actionable act whereby the estate of another is lessened other than a personal injury or the breach of a contract. (Code, § 3343.) It was the plaintiff's son that was injured, and the father has no property in the son. If it had been his horse or cow or slave (when the law recognized property in slaves) that was injured, then it would be an injury to property.

The taking of the foot-board out of the bedstead for the purpose of properly treating the amputated limbs of the son is not such an injury to property as will permit a recovery, for the reason that the intoxication was not the proximate cause of the injury to the bed. In order to entitle the party to recover for injury to property, the intoxication must be the proximate cause of the injury. If, therefore, the plaintiff is entitled to recover, it must be upon the ground that he has been injured in his means of support. Upon this

branch of the case the evidence contained in the appeal book is-exceedingly meager and unsatisfactory. The plaintiff testified that his son Carlton furnished some of the wood for the use of the family, at times some flour, also some tea and sugar, and raised some vegetables; that he cut hay with the horses, and drove the plaintiff to and from his office prior to the injury; that since the injury Carlton has not been able to labor, and has still continued to live with him. He further testified that he owned a house and lot at Center Canisteo, a horse and wagon and an old buggy; that the house and lot was worth $350, the horse, seventy dollars, the buggy, thirty dollars, and the lumber wagon, eighteen dollars; that he is a justice of the peace, and that his income does not exceed $250 per annum. He does not testify that this is all the property that he has, or whether or not his son Carlton has any property, or the amount of it, if any. From aught that appears to the contrary, the son may be a man possessing ample fortune with which to support himself through life, and the plaintiff may be the owner of every vacant lot in the village of Canisteo. Carlton, by reason of the loss of his limbs, is unable to work, and is a decrepid person within the meaning of the statute. If it had been made to appear by the evidence that he was a poor person, possessing no means of his own, then it would have become the duty of the plaintiff to support and maintain his son; he would be liable therefor, and such support and maintenance could be enforced. The case, however, fails to show that he is a poor person, and it thus fails to establish the liability of the father to support and care for him. after the injury.

Again, the plaintiff, in order to recover for injury *to his means of support*, must show that he is a poor person unable to maintain himself and that his son owed him the *duty of support within the provisions of the statute.* That his accustomed means of support have been cut off or curtailed and that he has no adequate means of maintenance from accumulated capital or property remaining. In the case of *Volans* v. *Owen* (reported in 74 N. Y., 526), the Court of Appeals, upon this question, say: " We are of the opinion that where injury to ' means of support ' is the gravamen of the action, the plaintiff, in order to maintain the action, must show that by or in consequence of the intoxication or the acts of the intoxicated

person, his accustomed means of maintenance have been cut off or curtailed, or that he has been reduced to a state of dependence by being deprived of the support which he had before enjoyed. And that in this case, the plaintiff cannot recover for the loss of services or the expenses of his son's illness under the words ' means of support,' without proof that the services were necessary to his support, or that the charge brought upon him by his son's illness diminished his means so as to render them inadequate therefor. The primary purpose of the legislature in giving a right of action for an injury of this character was the protection of *the dependent and helpless.* The diminution of income or loss of property does not constitute an injury to means of support within the fair intendment of the statute. If the plaintiff, notwithstanding, has adequate means of maintenance from accumulated capital or property, or his remaining income, is sufficient for his support," etc.

Applying this rule to the case under consideration, it became necessary for the plaintiff to show that the wood, flour, tea, sugar and vegetables furnished by Carlton to the plaintiff were necessary for the plaintiff's support, *that the plaintiff is a poor person,* unable to maintain himself, that he is dependent and helpless and is not possessed of accumulated capital or property adequate for his maintenance without the aid of his son. These propositions the plaintiff has failed to establish. On the contrary, he has alleged in his complaint that he is possessed of sufficient ability to support his son. A party is bound by his pleadings. If he is possessed of sufficient ability, etc., upon what theory could the jury find that he is dependent and helpless and not possessed of accumulated capital adequate for his maintenance without the aid of his son ? We are, therefore, of the opinion that the evidence fails to bring the plaintiff within the rule which authorizes a recovery for injury to means of support, and that the court, at circuit, properly granted a nonsuit.

Judgment and order affirmed.

SMITH, P. J., concurred; BARKER, J., not voting; BRADLEY, J., not sitting.

Judgment and order affirmed.