ALICE JANE HILL, Respondent, v. OSCAR BERRY et al., Appellants.

An action is maintainable under the " civil damage act " (chap. 646, Laws of 1873) by a wife to recover damages for loss of means of support in consequence of the intoxication of her husband.

(Submitted May 20, 1878 ; decided November 12, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, reversing a judgment in favor of defendants, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought by plaintiff under the " civil damage act " so called.  (Chap. 646, Laws of 1873.)

The complaint alleged, in substance, that defendant Oscar Berry was a hotel keeper in the town of Bombay, Franklin county, occupying a building leased to him by defendant Homer T. Berry for that purpose ; that with the knowledge of his landlord said Oscar used and occupied the building and premises for the sale of intoxicating liquors, the said landlord assisting in such sales ; that plaintiff was the wife of James S. Hill, living with him and depending upon him for her support and maintenance ; that at divers times specified defendants sold to plaintiff's husband intoxicating liquors causing him to become intoxicated, and incompetent and unfit to care for himself, or to work or pursue his accustomed labor whereby plaintiff was deprived of her means of support and maintenance, and was obliged to do out-of-door work ordinarily done by her husband, when not intoxicated, and was obliged to care for her husband when he was intoxicated.    That while so intoxicated her husband remained away from home a number of days obliging her to do his work, in which time he spent a large sum of money needed for the support of plaintiff and family.

Upon the trial and on the opening of plaintiff's counsel, he stating substantially the facts as alleged in the complaint,

defendants' counsel moved for a dismissal of the complaint, on the ground that the complaint and opening did not state facts sufficient to constitute a cause of action, which motion was granted, and plaintiff's counsel duly excepted.

*Cantwell, Paddock & Saunders,* for appellants. This action could not be maintained by plaintiff unless she averred in her complaint that she had actually sustained some deprivation. (*Hayes* v. *Phelan,* 5 Hun, 335.) To disable a husband from the power of working inflicts no legal injury upon the wife. (*Quain* v. *Russell,* 8 Hun, 322.) A wife cannot recover for injuries to her husband on the ground that extra work is imposed on her thereby. (*Green* v. *H. R. R. Co.,* 2 Keyes, 299; *Aldrich* v. *Sager,* 9 Hun, 537.) The complaint was defective because it contained no allegations of injuries to plaintiff's person or that her husband had used or destroyed her property. (*Hayes* v. *Phelan,* 5 Hun, 335; *McCool* v. *Smith,* 1 Blatch., 459; *Radcliff* v. *Mayor, etc.,* 4 N. Y., 200; *Fisher* v. *Clark,* 41 Barb., 329.) One who sustains an injury by the willful or negligent act of another cannot look for redress beyond the immediate cause of the injury. (*Ryan* v. *N. Y. C. R. R. Co.,* 35 N. Y., 210; *McCafferty* v. *S. D. and P. M. R. R. Co.,* 61 id., 178; *Webb* v. *R. W., etc., R. R. Co.,* 49 id., 420.)

*Burke & Kilburn,* for respondent. The allegations of the complaint were sufficient to entitle plaintiff to recover. (*Quain* v. *Russell,* 8 Hun, 319.) Plaintiff was entitled to recover under the civil damage act the damages claimed. (*Quain* v. *Russell,* 8 Hun, 319; *Jackson* v. *Bookins,* 5 id., 530; *Franklin* v. *Schermerhorn,* 8 id., 112; *Baker* v. *Pope,* 2 id., 556; *Volans* v. *Down,* 9 id., 558; *Aldrich* v. *Sager,* 9 id., 537; *Schneider* v. *Hosier,* 21 Ohio St., 98; *Freese* v. *Tripp,* Chic. Leg. News, Aug. 1, 1874; *State* v. *Ludding-ton,* 33 Wisc. Rep., 107; *State* v. *Fisher,* id., 154; *Patterson* v. *Noble,* Wis. Sup. Ct., 1874; Albany Law Journal, Feb. 6, 1875.)

Andrews, J. The decision at this term in *Volans* v. *Owens* (74 N. Y., 526) is decisive of the point upon which the complaint was dismissed, and the case was correctly disposed of by the General Term.

The order granting a new trial must therefore be affirmed, and judgment absolute given for the plaintiff upon the stipulation.

All concur.

Order affirmed and judgment accordingly.