not be said that there was no ground for claiming that the act of the defendant was without any intent to defraud or commit a crime in violation of the statute.

The judgment should be affirmed.

All concur.

Judgment affirmed.

---

JACOB NEU, by Guardian, etc., Respondent *v.* JAMES MC-KECHNIE et al., Appellants.

Under the provision of the "act to suppress intemperance, pauperism and crime" (Chap. 646, Laws of 1873), giving to certain persons specified, who shall be injured in means of support by an intoxicated person, a right of action against any person who, by selling intoxicating liquors, caused the intoxication, to maintain the action, it is not essential to show that the act of the intoxicated person which caused the injury was the natural, reasonable or probable consequence of his intoxication ; it is sufficient if it appears that the act was done while the person was intoxicated, in whole or in part, by liquors sold by defendant.

Such a cause of action is not taken away or mitigated by the fact that the act causing the injury constitutes a crime.

In such an action it appeared that the father of plaintiff while in a state of intoxication, produced in part by liquors sold to him by defendants, murdered his wife and then committed suicide. Plaintiff was fifteen years of age ; he lived with and was dependent upon his father for support. *Held,* that the facts were sufficient to maintain the action.

It appeared that defendants sold the liquor without a license, and that they had been so selling for a long time. *Held,* that submission to the jury of the question of exemplary damages, and an allowance thereof, was proper.

(Argued April 6, 1884 ; decided April 29, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1883, which affirmed a judgment entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Henry M. Field* for appellants. The evidence did not establish that the plaintiff had suffered or sustained any legal damages by reason of any of the acts or conduct of his father. (*March* v. *Mabbitt*, 3 Weekly Dig. 126 ; *Houghkirk* v. *D. & H. C. Co.*, 92 N. Y. 219.) Unless plaintiff had actually suffered damages, he had no cause of action against the defendants. ( *Volans* v. *Owen*, 74 N. Y. 526.) The law does not take into account that the plaintiff has lost the benefit of the advice and society of his parents, and that fact cannot aid the plaintiff's case. (*Hayes* v. *Phelan*, 4 Hun, 733.) Defendants can be only held responsible for such damages as would naturally or necessarily flow from the sale of the lager, or be connected therewith. (2 Parsons on Contracts, 178–180 ; *Putnam* v. *Broadway R. R. Co.*, 55 N. Y. 108 ; *Ryan* v. *N. Y. C. R. R. Co.*, 35 id. 210 ; *Baker* v. *Drake*, 53 id. 216 ; *M. & St. P. R. R. Co.* v. *Ames*, 1 Otto, 489 ; *Sugart* v. *Egan*, 83 Ill. 56 ; *Schmidt* v. *Mitchell*, 84 id. 195 ; *Collier* v. *Early*, 54 Ind. 559 ; Wharton on Neg., § 134 ; *Mil. R. R. Co.* v. *Kellogg*, 94 U. S. 464–474.) The alleged cause of action being based upon a crime committed by the father of plaintiff, the plaintiff has no legal right to maintain the action. It is against public policy. (Broom's Leg. Maxims, 728 ; *Holman* v. *Newland*, 1 Cowp. 192 ; *Sedgwick* v. *Stanton*, 14 N. Y. 289 ; 2 Kent's Com. 466–468 ; *Spaulding* v. *Preston*, 21 Vt. 1.) The trial judge erred in allowing the plaintiff to introduce any evidence whatever that the defendants had no license from the commissioners of excise. ( *Anderson* v. *R. W. & O. R. R.*, 54 N. Y. 334 ; *Baird* v. *Daly*, 68 id. 547 ; *Foote* v. *Beecher*, 78 id. 155.) Exemplary damages are never allowed unless the defendants have acted maliciously or with intent to willfully injure or defraud. (*Putnam* v. *B'way R. R. Co.*, 55 N. Y. 108 ; *Lane* v. *Wilcox*, 55 Barb. 615 ; *Covert* v. *Gray*, 34 How. 450.) Exemplary damages are to be proved the same as any other fact in the case. (Sedgwick on Dam., m. p. 453 ; *Walrath* v. *Redfield*, 11 Barb. 368 ; *Franklin* v. *Schermerhorn*, 8 Hun, 112 ; *Freese* v. *Tripp*, 70 Ill. 496 ; *Albrecht* v. *Walker*, 73

id. 69; *Keedy* v. *Howe,* 79 id. 133; *Ganssly* v. *Perkins,* 30 Mich. 495; *Wightman* v. *Revere,* 33 Wis. 570.)

*Wm. H. Smith* for respondent. The proof warranted the conclusion that the sale to the plaintiff's father was made by the authority of the defendants. (*Hall* v. *McKechnie,* 22 Barb. 244; *Smith* v. *Reynolds,* 8 Hun, 129; Wharton's Am. Crim. Law [4th ed.], §§ 131, 152, 153.) It was not necessary to allege in the complaint an illegal sale. (Code of Civ. Pro., § 481; 2 Wait's Pr. 312, 313, §§ 1, 2.) It was not necessary to set forth in the complaint the evidence on which to claim a verdict for exemplary damages. (*Molony* v. *Dow,* 15 How. 265; *Baker* v. *Pope,* 2 Hun, 556; Moak's Van Santv. Pl. 550, 566, 567, 586, 587; *Quain* v. *Russell,* 12 Hun, 376.) It was proper to prove the patrimony plaintiff received on the death of his parents to show his "means of support" were diminished. (*Volans* v. *Owen,* 74 N. Y. 530.) · It was competent to show the habits of plaintiff's father, as to getting intoxicated, as throwing light upon his conduct toward his wife. (*Marks* v. *King,* 64 N. Y. 628.) A sale of liquor without a license justifies exemplary damages. (*Davis* v. *Standish,* 26 Hun, 615; 2 id. 556; 12 id. 376; Abbott on Trial Ev. 781; 53 N. Y. 30; Sedgwick on Damages, 458–465.) The claim that no actual legal damages were shown is untenable. (*Terry* v. *Jewett,* 17 Hun, 402.)

DANFORTH, J. The act entitled "An act to suppress intemperance, pauperism and crime" (Chap. 646, Laws of 1873), provides in substance that certain persons, and among others, a "child," who shall be injured in means of support by any intoxicated person, or in consequence of the intoxication of any person, shall have a right of action against any person who, "by selling    *    *    *    *    intoxicating liquors, caused the intoxication in whole or in part," and may recover from such vendor all damages so sustained, and also exemplary damages.

This action is brought under that act. The verdict of the jury establishes that the plaintiff at the time the alleged cause of action accrued was a child of the age of fifteen years, the son of Jacob and Barbara Neu; that he was living with his

parents and dependent upon his father for support, when the latter, in a state of intoxication, produced in part by the use of lager beer, sold to him by the defendants, murdered plaintiff's mother and then committed suicide. Upon all these questions there was evidence proper for submission to the jury, and their finding in regard to them has not been disturbed by the General Term. Their conclusion is not open to review here.

The learned counsel for the appellants, however, argues with much earnestness that the act which deprived the plaintiff of his father, and cut off the support which he had before enjoyed was not a natural consequence of the use of the beer sold by the defendants; that they were not bound to know that Jacob Neu " would strike his wife on the head with an axe, and then cut his own throat with a razor." Perhaps not. But a cause of action may exist without such foresight. The statute does not even require that the vendor shall know that drunkenness leads to crime of any degree, nor even that it is the cause of poverty and beggary, and consequent distress to the drunkard's family. It is enough that these results come from intoxication, and so in *Hill* v. *Berry* (75 N. Y. 229) a wife recovered of the landlord and his tenant, because by reason of liquors sold by the latter her husband became intoxicated, wasted his money, neglected his employment and became incompetent to labor, and, therefore, unable to provide for her, and she obliged to care for him while in that condition. She suffered not only because his substance was reduced to nothing, but from the loss of productive labor. In *Bertholf* v. *O'Reilly* (74 N. Y. 509; 30 Am. Rep. 323) the landlord was required to pay for the plaintiff's horse, because it died from over-driving induced by the driver's intoxication through liquors sold by the defendant's lessee. In *Mead* v. *Stratton* (87 N. Y. 493; 41 Am. Rep. 386) the wife recovered under this act, because the husband, while intoxicated by liquors sold on the defendant's premises, was beaten to death by the wheel of his own wagon while the reins were in his hand, although he was in a state of stupor.

In those cases, as well as in others arising under the act, lia-

bility was established from the sale of liquors producing in-
toxication, and the act of the intoxicated person causing injury
to the plaintiff in his person, property or means of support.
Those elements exist here. The cause of action is neither taken
away nor mitigated because the cause of injury also consti-
tutes a crime. The jury were not to inquire whether either
" the homicide or suicide were the natural, reasonable, or prob-
able consequences of the defendants' act." It is enough if
while intoxicated in whole or in part by liquors sold by the
defendants, those acts were committed, if by reason of them,
or either of them, the plaintiff's means of support were affected
to his injury.

Nor was it error in the learned trial judge to submit the case
to the jury as one in which the plaintiff might have exemplary
damages. They are expressly allowed by statute, and there
was evidence upon which they might be awarded. The de-
fendants were manufacturers of lager beer.' They had no li-
cense to sell it in quantities of less than five gallons. The
sale to the plaintiff's father was of that description, and hence
unlawful. It was not an isolated sale. The defendants had so
dealt for a long time and with many persons. It resulted in
their pecuniary benefit. Under the circumstances of the case
it was, therefore, for the jury to say whether something more
than actual damages should not be allowed for the benefit of
the community and for example's sake. To hold otherwise
would place a wrong-doer (*Foote* v. *People*, 56 N. Y.
321) on the same footing with a licensed vender — one who
sells recklessly and at his own volition, on a level with one
who has the consent of the proper public officers to deal in
an article, the use of which, as the statute (*supra*) implies,
leads to " intemperance, pauperism and crime."

Other points presented by the learned counsel for the appel-
lants have been considered, but we find no error. In this con-
clusion we agree with the General Term, and therefore their
judgment should be affirmed.

All concur.

Judgment affirmed.