JANE M. REID, Respondent, *v.* HENRY S. TERWILLIGER, Appellant.

*Civil damage act* — 1873, *chap.* 646 — *when exemplary damages may be recovered against the lessor.*

Where, in an action under the civil damage act, brought against the lessor of the premises and the lessee who sold the liquor, jointly, a case is made which authorizes the recovery of exemplary damages, as against the lessee and seller of the liquor, such damages may also be recovered from the lessor, although they could not have been so recovered if the action had been brought against him alone. (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered at the Ulster Circuit upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought, under the civil damage act, to recover damages for the death of the plaintiff's husband, which was alleged to have been caused by liquor sold to him by McLaughlin, a tenant of the defendant Terwilliger.

*M. H. Hirschborg*, for the appellant.

*Gideon Hill*, for the respondent.

LANDON, J. :

The civil damage act (Laws 1873, chap. 646) creates a cause of action unknown to the common law and a new ground of action. ( *Volans* v. *Owen*, 74 N. Y., 526 ; *Mead* v. *Stratton*, 87 id., 493 )

This cause of action is given for injuries defined by the act and resulting from intoxication. It is given not only against the person who sold the liquor, causing or contributing to cause the intoxication from which the injuries resulted, but also against the person owning or renting the building in which such liquor was sold, having knowledge that intoxicating liquors are to be sold therein. Such person may be sued severally or jointly with the person selling the liquor, and both are declared liable for " all damages sustained and for exemplary damages."

The seller and his landlord were jointly sued in this action. A case permitting the finding of exemplary damages was made

against the tenant. The landlord was shown, to the satisfaction of the jury, to have had knowledge that intoxicating liquors were to be sold in his building. The common law would not make him liable for exemplary damages, but the statute does. The test of liability that the statute imposes upon the landlord is not that he himself should have personally done any wrong, with respect to this particular sale of liquor, but that he should have sustained the relation to his wrong-doing tenant which the statute defines.

" It is evident," say the court, in *Mead* v. *Stratton (supra)*, " that the legislature intended to go in such a case far beyond anything known to the common law, and to provide a remedy for injuries occasioned by one who is instrumental in producing, or who caused such intoxication." And to make the remedy efficient and ample, it gave it jointly against both landlord and tenant, and embraced actual and exemplary damages. Moreover, the act is entitled "An act to suppress intemperance, pauperism and crime." To expose to these damages the landlord as well as the tenant, was manifestly the legislative instrument for the suppression of these evils.

*Rawlins* v. *Vidvard* (34 Hun, 205) was an action against the landlord alone. The court held that exemplary damages could not be awarded against him without proof of aggravating circumstances with which he was connected. The court did not hold, and had no occasion to hold, that if both landlord and tenant had been jointly sued, and a case warranting exemplary damages had been made out against the tenant, the landlord would not have been jointly liable with him.

The judgment should be affirmed, with costs.

BOCKES, J., concurred.

LEARNED, P. J. (dissenting):

This is an action under the so-called " civil damage act," brought jointly against Terwilliger, the lessor of the premises, and McLaughlin, the lessee and keeper of the hotel, who sold the liquor.

Terwilliger was in no way connected with the sale of the liquor. There was evidence sufficient to justify the jury in finding that McLaughlin sold the liquor under such circumstances that exemplary damages might be recovered against him. The only question here is whether exemplary damages could be recovered against

Terwilliger, who had no connection with the sale of the liquor, and whose liability was only that imposed by the statute on the owner and lessor of the premises. Exemplary damages under this act can be recovered only when there are circumstances of abuse or aggravation proved. (*Franklin* v. *Schermerhorn*, 15 Sup. Ot. [8 Hun], 112.) Exemplary damages are allowed against a wrong-doer, and for *example's sake*, as, for instance, against a vendor without license. (*Neu* v. *McKechnie*, 95 N. Y., 632 at 636.)

If Terwilliger had been sued alone no exemplary damages could have been recovered against him on the facts of the case. He had only leased the premises as a hotel, and this was a lawful and proper transaction. And even if he knew that liquors were sold there, such sale was lawful, for the hotel keeper had a license. There had been nothing done by Terwilliger for which he should be punished to make an example, unless leasing property as a hotel should be punished. There were no aggravating circumstances with which he was connected. (*Rawlins* v. *Vidvard*, 41 Sup. Ot. [34 Hun], 205.)

If, then, the plaintiff had brought several actions against Terwilliger and McLaughlin she might have recovered against the latter actual and exemplary damages. She could have recovered against the former only actual damages. There is nothing to the contrary in *Bertholf* v. *O'Reilly* (74 N. Y., 525). The liability under this act is wholly statutory. None such existed at common law. But there is some analogy between the relation of owner and tenant under this statute, and that of master and servant at common law.

The servant may be liable for exemplary damages for his own wrong doing. The master is not then liable for exemplary damages; but he may be so liable for some gross negligence or misconduct on his own part. (*Fisher* v. *Met. El. R. R. Co.*, 41 Sup. Ot. [34 Hun], 433.)

In other words, exemplary damages are given to punish a man for his own wrong, and not to punish him when he is liable only as superior.

So in the case of owner and tenant under the civil damage act, the owner is, under certain circumstances, made by statute liable for damages. And he may be liable for exemplary damages. But, as

said in *Davis* v. *Standish* (33 Sup. Ct. [26 Hun], at 615), we must look to the common law to determine when punitive damages may be had. And the common law shows that punitive damages are inflicted (as the word indicates) by way of punishment; and, therefore, for a man's own wrong doing; not for the wrong doing of another, for which he may, however, be liable to respond in actual damages.

The aggrieved party, in cases like the present, may sue the owner and the vendor jointly or severally. The amount of damages which could be recovered against each, when sued separately, might be different. There might be aggravating circumstances against one or against the other. There is no joint act. The privilege of a joint action is only statutory.

If Terwilliger, when sued separately, could not be made liable for exemplary damages, except on the ground of some wrong doing upon his own part, then he should not be liable for such damages when sued jointly.

But the plaintiff urges that she has the privilege of bringing a joint action, and that there cannot be separate verdicts. She was not compelled to sue jointly. It is more reasonable that if she sues jointly she should be limited to a recovery only of actual damages against an innocent person, rather than that an innocent person should be punished by punitive damages for another's malicious act.

The doctrine of exemplary damages is illogical, though settled. It should not be extended to any more illogical conclusions.

The judgment should be reversed.

Judgment affirmed, with costs.