# Cases

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## December, 1886.

---

## CAROLINE C. BLATZ, Respondent, v. JACOB ROHRBACH, Appellant.

*Civil damage act — what evidence will support a verdict that a suicide resulted from intoxication.*

Upon the trial of this action, brought under the civil damage act to recover damages sustained by reason of the plaintiff's husband having committed suicide while intoxicated, evidence was given tending to show that after playing cards and drinking in the defendant's saloon he arrived at home at about twenty minutes to eleven, very much intoxicated; that the plaintiff, after attempting to quiet him, took her baby and went up stairs, leaving her husband below, it not being an unusual thing for him to sleep down stairs. In the morning he was found hanging by the side of the closet door, having evidently committed suicide. The deceased was the father of ten children, the youngest but a few weeks old. He was addicted to strong drink, but made a comfortable living for his family. He had formerly attempted suicide, but whether or not, at the time of making such attempt, he was sober or otherwise did not appear. A paper was found containing the words "give my watch to my boy," and stating that his brother-in-law owed him fifty-seven dollars.

*Held,* that a verdict finding that the suicide was the result of the intoxication would not be set aside by the appellate court.

APPEAL from a judgment in favor of the plaintiff for $3,216.82, entered upon the verdict of a jury at Westchester Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Samuel G. Adams* and *John S. Graber*, for the appellant.

*Charles H. Noxon*, for the respondent.

BARNARD, P. J.:

The plaintiff's husband arrived at his home in Mt. Vernon, on the 4th of March, 1885, at about twenty minutes to eleven, .P. M. His wife, the plaintiff, tried to quiet him, as she testifies he was very much intoxicated. She failed to do so, and in about an hour after he came home the plaintiff took her baby and went up stairs to bed, leaving her husband below. It was not an unusual thing for the husband to sleep down stairs. In the morning he was found hanging by the side of the closet door, having evidently committed suicide. The plaintiff brings this action against the defendant under chapter 646, Laws of 1873, known as the civil damage act. She gave proof tending to show that the defendant sold or gave away some two or three glasses of beer to her husband on the night in question. A very sharp contradiction is made as to the condition of the husband when he left the saloon of the defendant; but in view of the fact that the husband arrived at the saloon at half-past seven, P. M., and played cards there, when the result, in some friendly way, entitled the players to drink, and in view of the fact that the habits of the husband were bad, the issue upon the intoxication was well found in favor of the intoxicated condition of the husband by reason of liquor, whether beer or other drink, sold to him by the defendant. Added to this, both the plaintiff and her daughter were explicit in their statements as to an extreme condition of intoxication of the deceased husband and father. Did this state of intoxication induce the suicide? The question cannot ordinarily have any direct proof. It must be inferred, and the case proven is that he was the father of ten children, the youngest but a few weeks old. He was addicted to strong drink, "but made a comfortable living" for this large and helpless family, as only two earned their own board. He had formerly attempted suicide, but whether or not he was then sober or otherwise does not appear. There was found, after the suicide, a paper containing the words, "give my watch to the boy," and that his brother-in-law, one Johnson, owed him fifty-seven dollars. This is the case, and the jury have found the suicide the result of the intoxication produced by the

defendant.   An appellate court cannot properly set aside the verdict. (*Neu* v. *McKechnie*, 95 N. Y., 632.)

There was no proof of insanity, and it was unnatural and, therefore, unusual for a father, with an undisturbed brain, to deliberately leave a wife and so many helpless children behind him, under the circumstances surrounding the suicide.   The jury were told that to justify a verdict they must find that the intoxication was to such an extent as to deprive the deceased of the natural use of his faculties and to render him incapable of caring for himself, and that was to be proven and not derived from speculative opinion, and that the intoxication caused the act.   The damages are not excessive.   There was proof tending to show a request to the defendant's wife, while in charge of the bar, not to sell any more strong drink to the deceased husband of plaintiff.   This notice was given by plaintiff, and every circumstance stated which should have been heeded.

The judgement should therefore be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.