MARY BEERS, APPELLANT, *v.* GEORGE WALHIZER AND MARY WALHIZER, RESPONDENTS.

*Civil damage act — to authorize a recovery, the loss need not be the direct result of the intoxication.*

In this action, brought under the civil damage act to recover damages, the plaintiff alleged in the complaint that James Beers was her husband, and that on a day named therein they lived and cohabited together, and that prior thereto and at that time he provided for her support and maintenance, that the defendant George Walhizer sold her husband intoxicating liquors, which he drank and which caused him to become intoxicated; that while so intoxicated and in consequence thereof he shot and killed one Banfield; that her said husband was immediately thereafter arrested for the said offense, tried and convicted, and sentenced to confinement in a State prison for the period of his natural life, and is now confined by virtue of such sentence, and "that by reason of his trial and imprisonment which were the result and consequence of said intoxication, the plaintiff was deprived of the support and maintenance furnished her by her said husband, and was thereby injured in her support and means of support in a large sum, to wit, $5,000, and as the plaintiff verily believes such deprivation will be a lasting and perpetual injury to her, the said plaintiff."

On motion of the defendants' counsel the complaint was dismissed upon the ground that upon the facts stated it did not appear that the loss of means of support sustained by the plaintiff was the direct result of the intoxication.

*Held,* that the court erred in so doing.

That the statute makes no distinction between cases in which the loss of the means of support is the direct result of the intoxication and those in which it is the remote result thereof; it only requires that it should be established that the loss of the means of support is the result of such intoxication.

APPEAL from a judgment, entered upon an order made at the Cattaraugus Circuit, dismissing the plaintiff's complaint.

After the jury were impanneled the defendant moved that the complaint be dismissed for the reason that it did not state a cause of action, and the same was granted. Judgment being entered thereon the plaintiff appeals.

*Albert pring*, for the appellant.

*J. Arthur Corbin*, for the respondents.

BARKER, J. :

In the act entitled " An act to suppress intemperance, pauperism and crime" (chap. 646 of the Laws of 1873), it is provided that " every wife * * * who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action * * * against any person or persons who shall, by selling or giving away intoxicating liquors, caused the intoxication in whole or in part." The plaintiff alleges in her complaint that James Beers is her husband, and that on the day named therein they lived and cohabited together, and that prior thereto, and at that time, he provided for her support and maintenance ; that the defendant George sold her husband intoxicating liquors, which he drank and which caused him to become intoxicated, and that while so intoxicated, and in consequence thereof, he shot and killed one Banfield.

The complaint further alleges that her said husband was immediately thereafter arrested for the said offense, tried and convicted and sentenced to confinement in a State prison for the period of his natural life, and is now confined by virtue of such sentence, and concludes the statement of her cause of action with an averment, viz. : " That by reason of his trial and imprisonment, which were the result and consequence of said intoxication, the plaintiff was deprived of the support and maintenance furnished her by her

said husband, and was thereby injured in her support, and means of support, in a large sum, to wit, five thousand dollars; and as the plaintiff verily believes such deprivation will be a lasting and perpetual injury to her, the said plaintiff."

The only argument presented by the defendant, in support of the ruling at the circuit, is upon the facts as stated in the complaint. It does not appear that the loss of means of support sustained by the plaintiff was the direct result of the intoxication; that the arrest trial and conviction of the plaintiff's husband by the officers of the law, and which resulted in his imprisonment, was the cause that produced that result, and was wholly independent of the intoxication produced by the liquor sold by the defendant George, and for that reason no cause of action was alleged against them within the provisions of the said act.

The homicide committed by Beers was a crime punishable by imprisonment, and his arrest, conviction and sentence was a result to be anticipated, and, as a matter of course, by the force and operation of the law of the land. The conviction of Beers was not the cause of his imprisonment, but was the result of the crime which he perpetrated in killing Banfield, and that act was the direct and only cause in the eye of the law for his incarceration. Under the act it is necessary that two facts should concur besides the sale or gift of the liquor by the defendant to constitute a cause of action, to wit, intoxication resulting from its use in whole or in part, and the loss of the means of support by the plaintiff in consequence of such intoxication. The statute requires nothing more. The act itself establishes a rule of evidence applicable to and controlling in all cases arising under its provisions, which in some respects is new, and has produced a radical change of the common law rule. The statute makes no distinction whether the loss of the means of support is the direct or remote result of the intoxication. It only requires that it should be established that the loss of the means of support is the result of such intoxication. The decisions are all in one direction on this subject, and the meaning and effect of the statute in this respect is settled by the frequent interpretation which has been placed upon its provisions.

In *Bertholf* v. *O'Reilley* (74 N. Y., 509), ANDREWS, J., in delivering the opinion of the court, said: The legislature "may change

the rule of the common law, which looks only to the proximate cause of the mischief, in attaching the legal responsibility, and allow a recovery to be had against those whose acts contributed, although remotely, to produce it. This is what the legislature has done in the act of 1873." In *Volans* v. *Owen* (74 N. Y., 529) the same learned judge remarked that both direct and consequential injuries are plainly included in the remedy given, and the legislature by giving a right of action for injury to means of support, created a cause of action unknown to the common law. In *Meade* v. *Stratton* (87 N. Y., 493) it was held that the statute provides for a recovery by action for injuries to person or property, or means of support, without any restriction whatever, and that both direct and consequential injuries were included; that it is evident that the legislature intended to go, in such a case, far beyond anything known to the common law, and to provide a remedy for injuries occasioned by one who was instrumental in the producing or who caused such intoxication. In the recent case of *Neu* v. *McKechnie* (95 N. Y., 632) a like interpretation was given to the statute, and applied to the case then under consideration.

The plaintiff averred, and we must assume was prepared to prove, that she was dependent upon her husband for the means of her own support. Of this she was deprived by his act in killing Banfield while intoxicated, as plainly and certainly as if he had received while in a state of intoxication, and in consequence thereof, personal injuries which deprived him of the ability to labor. If a good cause of action was stated against the defendant George, then it is admitted that a perfect cause of action was alleged against the other defendant, who was the owner and lessor of the premises where the liquor was sold.

The judgment should be reversed, and new trial granted, with costs to abide the event.

SMITH, P. J., and BRADLEY, J., concurred; HAIGHT, J., not sitting.

Judgment and order reversed, and new trial ordered, costs to abide event.