MARY KETCHAM, RESPONDENT, v. SARAH FOX AND GEORGE DICKERSON, APPELLANTS.

*Exemplary damages under the civil damage act — liability of the landlord therefor.*

In an action, brought under the civil damage act, against the tenant and landlord of premises on which intoxicating liquors have been sold to the plaintiff's husband, the landlord, in the absence of any evidence to show that he had knowledge of the circumstances under which the liquor was sold to the husband, is not liable to pay exemplary damages.

APPEAL from a judgment, entered in the office of the clerk of Oneida county March 27, 1888, upon a verdict rendered at the Oneida Circuit in March, 1888, in favor of the plaintiff for $1,125, and from an order denying a motion made upon the minutes of the court for a new trial.

The action was brought under the "civil damage act." The defendant Dickerson was the owner of a hotel at Rome, and the defendant Fox conducted it as his lessee from April 1, 1885, to December, 1886. The plaintiff claimed that the defendant Fox, or her agents, at divers times furnished intoxicating liquor to the plaintiff's husband, causing his intoxication, in consequence of which plaintiff was injured in her person and means of support. The defendants answered separately.

*E. O. Worden,* for the appellants.

*J. P. Olney,* for the respondent.

MERWIN, J. :

The plaintiff, as part of her case, was allowed to prove, over the objection and exception of defendants, a conversation the plaintiff had with the husband of defendant Fox, some five years before the trial, about his selling liquor to plaintiff's husband. This was before the lease from Dickerson to Mrs. Fox, and was not at the hotel in question. It would seem to be clearly incompetent.

Edson Fox, the husband of Sarah Fox, being upon the stand as a witness for defendants, and having testified, among other things, that he carried on the business for his wife, the defendant Fox, during the time they occupied the hotel, from April 1, 1885, to December

1, 1886, stated that he had a conversation with Ketcham himself on the subject of his getting liquor there, and was then asked what the conversation was. This was objected to by the plaintiff generally, and the objection was sustained and defendants excepted. The witness was then asked: " Did you ever tell Ketcham that you would not sell him, or that he could not get any liquor there ? " A general objection to this was sustained and defendants excepted. We think the defendants were entitled to this evidence, in view of the claim of the plaintiff that Mrs. Fox and her agents furnished liquor after being forbidden by the plaintiff. The question of exemplary damages was in the case, and the forbidding of sales was shown in view of that. The defendants had a right to show what they did on the same subject and to what extent they complied with the request of plaintiff. On the same subject the defendants offered to show special instructions given by defendant Fox and her husband with reference to Ketcham, to those who assisted them. This being objected to was ruled out and exception taken. This was admissible on the question of exemplary damages. The plaintiff claimed that Mrs. Fox or her agents persistently sold liquor to Ketcham after she and her husband were notified not to do so. Their motives and good faith were attacked as bearing on the damages, and they had a right to show what they did in relation to the same matter. These rulings were material as the case stood.

The court charged the jury that the defendant Dickerson was liable in the action to the same extent as the defendant Fox; that the right to exemplary damages in the case was based on the question of fact, which the jury might find, that Sarah Fox persistently continued to sell liquor to plaintiff's husband after she had notice that he was a pauper and an habitual drunkard, and had been forbidden to do so by the proper officials of the town.

These propositions were duly excepted to by the defendants. So that the question is whether the defendant Dickerson is liable for exemplary damages, upon a case being made that would warrant their recovery against the other defendant. The affirmative of this proposition was held by a divided court in *Reid* v. *Terwilliger* (42 Hun, 310). It was, however, held in this department in *Rawlins* v. *Vidvard* (34 Hun, 205), the action being against the landlord alone, that exemplary damages could not be awarded without

proof of aggravating circumstances with which the defendant was connected. In that case it was shown that the defendant had knowledge that intoxicating liquors were to be sold, and circumstances were also shown sufficient to authorize the award of exemplary damages against the tenant. This was held not to be enough as against the landlord. It is a little difficult to see how the landlord should be any more liable, in case the action was against him and the tenant together than he would be in case the action was against him alone. The statute under which the action is brought makes him liable just as strongly in the one case as in the other, and no more so. So that substantially the Rawlins case is an authority adverse to the ruling in the Reid case.

It is now quite definitely settled by authority that exemplary damages are not recoverable in every case where a cause of action is made out, but that circumstances of abuse or aggravation must be shown. (See Rawlins case and cases cited.) This proposition seems to be recognized in *Neu* v. *McKechnie* (95 N. Y., 632.) The statute, however, does not prescribe the rule to be followed in such cases, and, therefore, we must have reference to the law as it has been laid down in kindred cases. Generally speaking, exemplary damages are given to punish a willful wrong-doer, and by way of example to prevent similar wrong. In Mayne on Damages (Wood's ed.), section 769, it is said, with reference to an action for tort against several, that in no case could the malignant motive of one party be made a ground of damages against the other party who was altogether free from such improper motive ; that, in such case, the plaintiff was bound to select the party against whom he meant to get aggravated damages, citing *Clark* v. *Newsam* (1 Ex., 140.) In *Cleghorn* v. *New York Central and Hudson River Railroad Company* (56 N. Y., 44), it is said by Chief Justice CHURCH, that for injuries by the negligence of a servant while engaged in the business of the master, within the scope of his employment, the latter is liable for compensatory damages, but for such negligence, however gross or culpable, he is not liable to be punished in punitive damages, unless he is also chargeable with gross misconduct. So that if the tenant is to be deemed the agent of the landlord, the latter would not be liable for exemplary damages, unless in some way assenting to or responsible for the aggravating circumstances that furnish the

occasion for such damages. In the present case the court, by the charge referred to, made the right to recover such damages to depend entirely on the act of the tenant. There is evidence in the case that the landlord had some knowledge of what was going on, but the right to recover exemplary damages was not made to depend on that. The jury were told that the landlord was liable to the same extent as the tenant, and that the right to exemplary damages depended on the view of the jury as to certain acts of the tenant alone. In view of the decision of this court in the Rawlins case, that was not correct.

It follows that the judgment and order must be reversed and a new trial granted, costs to abide the event.

HARDIN, P. J., and MARTIN, J., concurred.