HARVEY B. LUCAS, Plaintiff in Error, *v.* WILLIAM B. DRIVER, Defendant in Error.

### ERROR TO JEFFERSON.

Where an agreement was made between A. and B., that the latter was to haul rail-road ties, with two teams, for six months, and A. refused to furnish ties for a part of that time, so that B. could not work his teams: *Held*, that B. was entitled to recover damages, and that a receipt at the end of the first month, in full of all demands to date, did not preclude B. from recovering damages for the residue of the time, the contract still remaining between the parties.

DRIVER sued Lucas in the Circuit Court of Jefferson county, averring specially the agreement, as stated in the opinion of the court; the declaration also contained the common counts in assumpsit. The defendant pleaded the general issue and a plea of set-off to this declaration. There was a trial by jury, verdict and judgment for Driver, before MARSHALL, Judge, at May term, 1854, of the Jefferson Circuit Court. Lucas sued out this writ of error.

NELSON and JOHNSON, for Plaintiff in Error.

R. F. WINGATE, for Defendant in Error.

CATON, J. In February, 1854, an agreement was made be-tween Lucas and Driver, by which the latter was to haul rail-road ties, with two teams, for the former, for six months, at seven cents per tie; and Lucas agreed to furnish Driver all the ties he could haul with the two teams during the six months, the service to commence as soon as Lucas' saw-mill got in operation, payments to be made monthly. The mill was started on the 18th of May following, when Driver commenced hauling with two teams, but the mill could not cut enough to keep Driver's teams going, and also two of Lucas' own teams, which were also engaged in hauling ties, in consequence of which Lucas did not furnish Driver with as many ties as he could haul. On the 18th of June, one month after Driver commenced work, a settlement was had between the parties, and a receipt given of the following purport:

"Received from H. B. Lucas, sixty-four dollars and eight cents, in full of all demands up to date.

his<br>
WM. B.   X   DRIVER.<br>
mark."

After this settlement, Driver continued work, and hauled six

hundred and sixty-three ties, when Lucas refused to furnish him any more, and discharged him. The evidence also shows that Driver had built a shanty at the mill for his accommodation during the job, which cost him fifteen or twenty dollars. The teams could average about fifty ties per day each.

Upon this evidence the jury returned a verdict for the plaintiff below, for $86.41, which the court refused to set aside, but rendered judgment for that amount. This decision is assigned for error. The price for the ties hauled, subsequent to the settlement, was $46.41, so that the jury allowed Driver $40 for his damages, for the violation of the contract by Lucas, in not furnishing him ties as he had agreed.

It is now insisted, on the part of Lucas, that the receipt given upon the first settlement is evidence of a settlement and satisfaction for those damages for the breach of the agreement. We cannot concur in this view of the case. To give the receipt the most liberal construction for Lucas of which it is susceptible, and it cannot be said that any damages for the breach of the contract were then settled for, except what had accrued before that settlement. Nothing more could have been paid for at that time, unless an agreement was then made to terminate the contract. There can be no pretence that this was done, for the subsequent transactions between the parties show very clearly that both regarded it as still subsisting and executory for the six months originally stipulated. Lucas continued to furnish ties, and Driver continued to haul all he could get. It is true, that frequently, previous to the final dismissal of Driver, both Lucas himself and his agent, Hope, refused to furnish ties when demanded, but never did they put the refusal upon the ground that the contract was terminated, and hence Lucas was not bound to furnish any more, but always assigned as a reason, that the mill could not cut sufficient ties to keep both Lucas' and Driver's teams going. By the agreement, as proved, Lucas was bound to furnish Driver with ties to keep both his teams at work not only for the month at the end of which the settlement was made, but also for the succeeding five months. This he refused to do, and thereby violated his contract and rendered himself liable to Driver in damages. Those damages the jury assessed at $40, which, we think, judging from the evidence, was in no way excessive.

The court properly overruled the motion for a new trial, and its judgment must be affirmed.

*Judgment affirmed.*