## WIGHTMAN VS. DEVERE.

JUSTICE'S COURT: (1) *Appeal from.* (2, 3) *Jurisdiction.*

GRAHAM LIQUOR LAW: (3) *Jurisdiction of J. P.* (4–8) *What damages recoverable under the act, and by whom.* (9) *Validity.* (10) *Application to cities.*

1. On appeal from a J. P., the appellate court acquires no jurisdiction to render judgment against defendant, if the justice had none.

2. By the terms of subd. 2, sec. 5, ch. 120, Tay. Stats., a J. P. has jurisdiction of " actions *for injuries to persons* * * * where the damages claimed shall not exceed two hundred dollars." *Held*, that these words include injuries to the *relative rights* of persons, as well as injuries to their absolute rights. *Gibbs v. Larrabee*, 23 Wis., 495, and *Wagner v. Lathers*, 26 id., 436, distinguished.

3. The rights of action for *damages* given by secs. 5 and 6, ch. 127, Laws of 1872 (commonly known as the Graham Liquor Law), are for injuries to the relative rights of persons; and such actions may be brought before a J. P., where the damages claimed do not exceed two hundred dollars.

4. The provision of sec. 5 of said act giving to " any city, town or village, or to *any person* who may take charge of and provide for " an intoxicated person, a right of action to recover from the vendor of the liquor " a reasonable compensation," and " two dollars per day in addition thereto for every day such intoxicated person shall be kept," etc., *held* applicable to a wife who had taken charge of and provided for her intoxicated husband.

5. Under the *sixth* section of the act, a wife may recover for any personal injuries suffered by her from the violence of her husband as the direct and natural consequence of his intoxication, and for any loss or

Wightman vs. Devere.

injury occasioned in like manner to her property or to her "means of support;" and this last phrase includes what the husband might have earned by his labor and attention to business, and contributed to the support of the family.

[6. If the husband when sober was physically incapable of performing any work or labor, or attending to any business, or was of such indolent and shiftless habits that he in fact made his wife support him, perhaps his intoxication would not injure her means of support in that particular.]

7. Plaintiff's husband, while, and in consequence of, being intoxicated by liquors sold him by defendant, received certain injuries; and it appears that she (1) watched, nursed and took care of him for a certain number of days, while suffering from these injuries; (2) injured her own health by this watching, so as to require medical treatment; (3) employed two men at certain times to assist her in such care; (4) employed a physician to attend him, and paid the bill; and (5) had to hire a man to do work upon her farm, which her husband would have done if not thus disabled. *Held,* that she was entitled (under said act) to recover damages on all these grounds.

8. Under section six of said act, *exemplary damages* were recoverable where the evidence showed a state of facts that would warrant it, and the question of fact was for the jury. But in this case only actual damages seem to have been awarded.

9. Said ch. 127, Laws of 1872, *held* valid. *State v. Fisher* and *State ex rel, Henshall v. Ludington, ante,* pp. 107, 154.

10. Said act *held* applicable to the cities and incorporated villages of the state generally, including the city of Ripon.

APPEAL from the Municipal Court of the *City of Ripon.* The following statement of the case formed originally a part of the opinion of Mr. Justice COLE :

" This action was brought in a justice's court to recover damages resulting from the intoxication of plaintiff's husband by liquors sold him by the defendant. The plaintiff alleges in her complaint, that in consequence of such intoxication her husband fell from a wagon, and was so seriously injured as to require medical attendance, and constant care, watching and nursing on her part, by which she was injured in person and through mental strain and anxiety caused by such intoxication and injuries. She further alleges that her husband was accus-

tomed to carry on her farm; to raise and dispose of grain, and farm produce generally, for her and for the support of herself and family; that by reason of such intoxication and the injuries resulting therefrom, her husband is disabled, and is prevented from carrying on the farm as formerly, whereby she has been put to great trouble and greater expense than ordinary to secure the cultivation of the farm for the support of herself and family; that she has been obliged to pay the doctor's bill for her husband, and other bills necessitated by her husband's sickness and disability; and that her property and means of support have thereby become lessened and seriously impaired. She claimed damages to the amount of two hundred dollars. There was a judgment in favor of the defendant in the justice's court, and the cause was taken by appeal to the municipal court of the city of Ripon, where, after a trial by a jury, the plaintiff obtained judgment for fifty dollars damages, and costs of suit." From this judgment the defendant appealed.

*J. J. Foote* and *E. L. Runals,* for appellant:

1. As to the jurisdiction. (1) If the justice had no jurisdiction, the municipal court acquired none by the appeal. *Stringham v. Supr's,* 24 Wis., 594; *Pelt v. Pelt,* 19 id., 193; *Damp v. Town of Dane,* 29 id., 419. (2) Justices' courts are strictly confined to the authority expressly given them by statute. *Cox v. Groshong,* Burnett, 150; *Selby v. Platts,* 3 Chand., 183; *Loomis v. Bowers,* 22 How. Pr. R., 361. (3) The cause of action is one unknown in this state before the act of 1872. It is purely statutory, and peculiar in its nature, being neither *ex contractu* nor *ex delicto;* and the statute is highly penal in its character, and must be strictly construed. It does not fall within any of the classes named in ch. 120, R. S. 2. The complaint does not state a cause of action. Nothing is alleged to show that the act of selling was unlawful. And if it was lawful when performed, the subsequent acts of other persons could not render it unlawful or wrongful. 3. This was not a case for punitory damages. No fact is alleged or shown which

would have rendered such damages recoverable at the common law. 20 Wis., 358; 28 id., 300; 4 Cal., 297; 7 Ind., 83; 14 La., 806. 4. Sec. 5 applies only to cases where a city, town or village, or its officers or agents, care for an intoxicated person. At least it should not be construed as applying to a wife, who is bound to care for her husband under all circumstances, without pay or reward. It is not a reasonable construction to hold that the legislature intended to give a person under such obligations, not only her full pay, but two dollars per day above "reasonable compensation," as well as punitory damages. 6. The court erred in permitting mental anguish to be taken into account, to *increase* the damages. 7. The law, at the time of the act complained of, did not apply to the cities of the state.

*Hamilton & Sutherland*, for respondent, as to the question of injury to the plaintiff's "means of support," cited *Schneider v. Hosier*, 21 Ohio St., 113, and *Mulford v. Clewell*, id., 198. As to her right to exemplary damages without proof of malice or circumstances of aggravation, they cited *Schneider v. Hosier*, *supra*. As to the right of the jury to consider the mental anguish of plaintiff in fixing the amount of damages, they cited *Osen v. Sherman*, 27 Wis., 501. As to the validity of the act of 1872, they cited 5 How. (U. S.), 592, 631, 632; Dwarris on Stats., 450–453, 457–8; Addison on Torts (abridged ed.), 6, 166, 202.

Cole, J. The first objection taken in this court on the part of the defendant is, that the justice had no jurisdiction of the subject matter of the action, and, as a consequence, that the municipal court acquired none by the appeal. If the premises of this argument are correct, the conclusion is legitimate, most undoubtedly. Had, then, a justice jurisdiction of the subject matter of the action, the amount of damages claimed in the complaint not exceeding two hundred dollars? We are of opinion that he had.

The right of action is given by the provisions of ch. 127, Laws of 1872. The last clause of section 6 provides that "all suits for damages under this act may be by any appropriate action in any of the courts of this state having competent jurisdiction." This section, however, does not declare that justices of the peace shall have concurrent jurisdiction with the circuit courts of suits arising under the act, as is provided in the 9th section of actions brought to recover fines and penalties; and therefore, if a justice has jurisdiction where the amount of damages claimed does not exceed two hundred dollars, it is by virtue of the general statute. It is said that the action under this statute does not come within any of the classifications of ch. 120, R. S.; — that it is peculiar in its character, being properly neither an action *ex contractu*, nor an action *ex delicto.*

Subdivision 2, sec. 5, ch. 120, Tay. Stats., confers upon a justice of the peace jurisdiction of "actions for injuries to persons, or to real or personal property, where the damages claimed shall not exceed two hundred dollars."

This language is sufficiently general and comprehensive to include all actions sounding in tort for injuries to the property or person of an individual; but its meaning has been restricted by other provisions. Section 10 excepts a class of cases from its operation, and the legislature deemed it necessary to particularly specify in some other clauses actions which might at first glance seem to be, but which are not, embraced in the language quoted. This was doubtless for greater clearness and certainty, and in order that the extent of the jurisdiction of the justice might be the more manifest. But the words "actions for injuries to persons" must, we suppose, be understood to relate to injuries to relative rights, as well as an invasion of absolute personal rights. Rights of persons are divided into absolute and relative. This classification is made by our elementary writers, as will be seen by the following authorities: 1 Chit. Plead., 137; 1 Kent, 587 (11th ed.); 3 Black.

Com., 139., Actions for seducing wives, daughters, or servants, or for enticing away or harboring apprentices or servants, are said to be for injuries to the relative rights of persons; and we are inclined to think a justice has jurisdiction to try such actions, where the damages claimed do not exceed two hundred dollars. We certainly see no more reason for denying the jurisdiction of the justice in that class of cases, than for denying the jurisdiction in actions to recover damages for torts committed with violence upon the person. Now the right of action given by the law of 1872 is for an injury to the relative rights of a person, "being those which arise from the civil and domestic relations." It is strictly analogous to actions on the case, founded on the common law or upon acts of parliament, treated of by Mr. Chitty in his work just cited, at page 132 et seq., and comes under the same classification in the justice's act. And therefore, in all suits for damages under the act of 1872, where the amount claimed by the plaintiff does not exceed two hundred dollars, we think a justice has jurisdiction.

Nor do we think there is anything in this view in conflict with *Gibbs v. Larrabee*, 23 Wis., 495, and *Wagner v. Lathers*, 26 id., 436. In those cases, we had occasion to put a construction on the words "for an injury to person," as used in subd. 1, sec. 2, ch. 127, authorizing arrest and holding to bail in certain actions; and it was held that those words did not have the same extensive signification, and were not equivalent to the words "an injury to personal rights," as those words were used by the authorities above cited; and this conclusion was reached because of the additional language in this same clause, which authorizes arrest in an action for an "injury to character." An injury to character would surely be an injury to a personal right, as was remarked by Mr. Justice PAINE in the latter case; and the fact that those words were used in connection with the language "injury to person," showed in what sense this last phrase was to be understood. But there is no

difficulty of this kind in construing the clause in the justice's
act. There the words "actions for injuries to persons" may
have their legal signification and meaning, except as they are
qualified in that chapter. And according to that meaning they
may be said to include an action under the law of 1872 brought
by a wife who had been injured in person, or property, or
means of support, in consequence of the intoxication of her
husband. The fact that this cause of action is statutory, and
was unknown to the common law, proves nothing, providing
the classification of actions in ch. 120, R. S., embraces it, as we
think it does. Of course, the plaintiff in the case before us
has adopted the remedy given, by bringing her appropriate
action in a justice's court, which has jurisdiction where the
amount of damages claimed does not exceed the sum specified
in the complaint.

This brings us to a consideration of the exceptions arising
upon the instructions given, and the refusal to give those asked
on the part of the defendant.

Among the instructions given which were excepted to, were
the second and sixth, which may be considered together. They
are as follows :

" 2. If the jury should find from the evidence that the
plaintiff's husband, on the 28th of May, 1872, bought liquor
of the defendant, and from that liquor became intoxicated, and,
while under such intoxication, became injured, so that the
plaintiff had to do extra work — that is, more than she was ac-
customed to do in taking care of him, she would be entitled to
recover of the defendant pay for such extra work."

" 6. If the jury find from the evidence in this action, that the
defendant sold intoxicating liquor to the husband of the plaint-
iff, who was intoxicated thereby, and by reason of such intox-
ication was injured, which injury required the services of the
plaintiff in nursing and caring for him, then she is entitled to a
reasonable compensation for such care and nursing, and in

addition thereto the sum of $2.00 per day for the time spent in caring for and nursing him."

It seems to us clear that these instructions were substantially correct. The plaintiff offered testimony which tended to show that she had sustained damages in the following particulars : That she took care of her husband, watched and nursed him while he was suffering from the injuries which he received upon falling from the wagon when in a state of intoxication, caused by liquors sold him by the defendant; that she injured her health by this care and watching, so as to require medical treatment; that she employed two men to aid her in taking care of her husband, for two nights and three days; and that she employed a physician, and paid his bill for attendance upon him; and that she had to hire a man to do work upon her farm, which her husband would have done if not disabled by the injuries sustained by his fall.

Now it is said that the 5th and 6th sections of the act give the wife the right to recover damages for these claims. And this construction of the statute, we think, is sound, and must be adopted. The 5th section provides that any person who shall, by the sale or giving away of intoxicating liquors with or without license, cause the intoxication of any other person, shall be liable for and compelled to pay a reasonable compensation to any city, town, village, or to any person who may take charge of and provide for such intoxicated person, and two dollars per day in addition thereto for every day such intoxicated person shall be kept, in consequence of such intoxication, which sum may be recovered before any court having competent jurisdiction. It is claimed that this section only applies to a case where a city, town or village; or one of the officers or agents of such a corporation, takes care of the intoxicated person; and does not apply to the case of a wife taking care of her husband, a care which it is said she is bound to bestow upon him, in virtue of the marital relation, without

pay or reward. It is manifest that but for this statute the wife would not be entitled to recover compensation for any care she might bestow upon her husband while in a state of intoxication; and the only question is, Does the statute give her the right to maintain the action to recover reasonable compensation for such care? Its language is, that the person causing the intoxication "shall be liable for and compelled to pay a reasonable compensation to any city * * * * or to *any person* who may take charge of and provide for such intoxicated person"— words broad enough surely to include wife or husband, parent or child— those who in consequence of social and domestic relations would otherwise be bound to render such care and support without any compensation. The statute is not restricted to a municipal corporation, or to some person not of kin, or under no legal obligation to render the service to the one intoxicated. And therefore we think, if the wife takes charge of and provides for her intoxicated husband, this section allows her to recover a reasonable compensation from the person causing the intoxication, with the addition of two dollars per day while such extra care and attention are rendered necessary.

The 6th section gives, in terms, the right of action to a wife, who shall be injured in person or property or means of support in consequence of the intoxication of her husband; and she is entitled to recover of the party causing the intoxication, all damages sustained, and also exemplary damages. Whatever personal injuries the wife sustained by his violence, and as the direct and natural consequences of the intoxication of her husband; or whatever injuries or loss were necessarily occasioned to her property, as the result of such intoxication, this section gives her compensation for. Whatever injury the wife sustains in her "means of support" by the intoxication of her husband, or in consequence thereof, this section makes likewise the subject of compensation. It may not be easy to give a precise definition of the phrase "means of support," as used in this

section, but we suppose it relates to whatever the husband might have earned or made by his labor and attention to business, and contributed to the support of his family. In *Schneider v. Hosier*, 21 Ohio St. R., 98, these same words were before the court for a definition and construction; and they were held to embrace, in a general sense, "all those resources from which the necessaries and comforts of living are or may be supplied, such as lands, goods, salaries, wages, or other sources of income." And in a more limited sense they were defined as embracing "any resource from which the wants of life may be supplied." It was there said that there could be no doubt that "the wages or proceeds of ordinary labor" constituted "means of support," within the meaning of the statute; and in that view of the subject we fully concur. The wife has the right to be maintained and supported at the expense of her husband, and consequently she has an interest in his capacity to labor. Sometimes it is only his ability to labor that furnishes her with the means of support, and if he is rendered unable to work by intoxication, or sickness induced by intoxication, this is a direct loss and injury to her means of support. *Mulford v. Clewell*, 21 Ohio St. R., 191. If the husband, when sober, is physically incapable of performing any work or labor, or of attending to any business or profession, or was of such indolent and shiftless habits that he in fact made his wife support him, then perhaps his intoxication might not injure or take away any of her resources in this particular. But in the case before us it appears that the husband was able to work, and did in fact have the general management of plaintiff's farm, and contributed essentially by his labor to carry it on. During his intoxication, and in consequence of the injury which resulted directly from it, he was unable to attend to this business, and the plaintiff had to hire another man to do his work. She had to employ men to aid her in taking care of him, and employed and paid a physician for medical attendance upon him. All these expenses were defrayed by her, and there can

be no doubt that they were valid claims against the defendant under this section.

It follows from these views that there was no error in giving the *seventh* instruction, which was excepted to, in which the jury were told that if they should find from the evidence that, by reason of the intoxication, the plaintiff was injured in person, or property, or means of support, then she was entitled to recover, and that the defendant was liable for all damages so sustained by her.

Among other things, the court charged that if the condition or habits of the husband were such at the time of the injury that he could not and did not do anything for the support of the plaintiff, or would not from his habits or condition have done anything for the support or maintenance of the plaintiff thereafter, then she could not recover for injury to her means of support. Also, that mere mental anguish was not sufficient to sustain a cause of action under the act. Indeed the entire charge, as given, seems to be a correct exposition of the provisions of the statute.

The point was insisted upon in this case, and the one argued with it, that the legislature could not make a party selling spirituous liquors under a license liable for the misdoings of an intoxicated person, or for any injury that a wife might sustain in consequence of the intoxication of her husband, in her person, property or means of support. This objection is fully disposed of by the decisions of this court in *The State of Wisconsin v. Fisher* (*ante*, p. 154), and the *State ex rel. Henshall v. Ludington* (*ante*, p. 107), where it was held that the legislature might impose such terms, conditions and liabilities as it might deem proper upon the right to traffic in intoxicating liquors. It might make a person engaged in the lawful trade of these commodities responsible for the damages resulting from the intoxication of a person caused by such sale. No further remarks are called for in answer to this argument.

The defendant asked the court to give several instructions,

Wightman vs. Devere.

the converse of those we have been considering. According to the views expressed, there was no error in refusing these requests. A remark may be added upon the second instruction refused. That was to the effect that the defendant could not recover any exemplary damages. Exemplary damages might be recovered under the sixth section, when the evidence showed a state of facts which would warrant the assessment of such damages. Whether there were any circumstances of aggravation in the conduct of the defendant which justified the giving of exemplary damages, was a question for the jury upon all the proofs in the case. It is very evident from the amount of the verdict, that no more than actual damages were allowed. But in reference to the liability created by the sixth section, exemplary damages beyond the mere actual loss may be recovered in a proper case.

It appears that the defendant sold the intoxicating liquors to the husband of the plaintiff in the city of Ripon; and the last objection taken by the counsel for the defendant is, that the provisions of the law of 1872 do not apply to cities. This objection we deem untenable. The law is a general one, and there is nothing in its language which indicates any intention to exclude the cities and incorporated villages of the state from its operation. We do not feel called upon at this time to discuss this question, and have only stated our conclusion in regard to it. The legislative intention, as gathered from the whole act, is to our minds very manifest. And it is, that this law is applicable to the city of Ripon, and that the defendant incurred all the liability of a vendor of intoxicating liquors under its provisions.

The judgment of the municipal court must be affirmed.

*By the Court.*—Judgment affirmed.