GEORGE VOLANS, Respondent, *v.* WILLIAM OWEN et al., Appellants.

In order to sustain an action under the "Civil Damage Act" (chap. 646, Laws of 1873) it is not essential that the alleged injury should be one for which, by pre-existing laws, a remedy by action existed.

The statute creates a new ground and cause of action, *i. e.*, for injury to "means of support;" and both direct and consequential injuries are included in the remedy given.

Where, however, injury to "means of support" is the *gravamen* of the action, the plaintiff, to maintain his action, must show that in consequence of the intoxication or the acts of the intoxicated person, plaintiff's accustomed means of maintenance have been cut off or curtailed, or that he has been reduced to a state of dependence by being deprived of the support he had before enjoyed.

Where, therefore, in an action under said statute, it appeared that plaintiff's minor son procured liquor of defendant, became intoxicated, fell and injured himself, and in consequence was confined to his bed in plaintiff's house for several months, whereby plaintiff was deprived of the services which his son had been accustomed to render him and was subjected to medical and other expenses, *held*, that plaintiff was not entitled to recover, in the absence of proof that said services were necessary to his support, or that the charge brought upon him diminished his means so as to render them inadequate therefor.

Statement of case.

*It seems,* that the case of a husband, having a wife and family dependent upon him for support, who, by reason of intoxication becomes incapacitated to labor and neglects to provide for those so dependent, or squanders his substance, reducing them to penury and want, is within the act. *Volans* v. *Owen* (9 Hun, 558), reversed.

(Argued December 17, 1877; decided November 12, 1878.)

APPEAL from judgment of General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 9 Hun, 558.)

This action is brought under the civil damage act (chap. 646, Laws of 1873) to recover for alleged injury to plaintiff's means of support, in consequence of the intoxication of his minor son, caused by liquor sold to him by defendants.

The facts appear sufficiently in the opinion.

*Samuel Hand,* for appellants. The act under which this action was brought was unconstitutional. (*Baker* v. *Pope,* 2 Hun, 557–558.) No person is liable in damages for the necessary or natural consequences of a lawful act. (*Radcliff's Exrs.* v. *Mayor, etc.,* 4 N. Y., 195; *Townsend* v. *N. Y. C. R. R. Co.,* 56 id., 295.) The act was unconstitutional because under its provisions a person could be deprived of his property without due process of law and without his consent. (Mr. Carr's Points; *Bertholf* v. *O'Reilly; Taylor* v. *Porter,* 4 Hill, 40; *Bloodgood* v. *R. R. Co.,* 18 Wend., 56, Senator Tracy; *Baldwin* v. *Mayor, etc.,* 2 Keyes, 395, PECKHAM, J. ; *Preston* v. *Drew,* 33 Maine, 558; BRONSON, Ch. J., 4 Comst. p., 250; *Fisher* v. *Clark,* 41 Barb., 329; *Powers* v. *Bergen,* 2 Seld., 358.)

*Edward C. James,* for respondent. The civil damage act is constitutional and is to be construed as a part of the general excise law. (*Metropolitan Board Excise* v. *Barril,* 34 N. Y., 657; *People, etc.,* v. *Board, etc.,* 59 id., 92; *Phelps* v. *Racey,* 60 id., 11, 13; *Wynehamer* v. *People,* 13 id., 378;

*Baker* v. *Pope*, 2 Hun, 556; *Hayes* v. *Phelan*, 4 id., 733; *Dubois* v. *Miller*, 5 id., 332; *Jackson* v. *Brookins*, id., 530; *Franklin* v. *Schermerhorn*, 8 id., 112; *Bartholf* v. *O'Reilly*, id., 16; *Mead* v. *Stratton*, id., 148; *Quinn* v. *Russell*, id., 319; *Aldrich* v. *Sayer*, 9 id., 537; *Volans* v. *Owen*, id., 558; *Bedore* v. *Newton*, 54 New Hamp., 117; *Mulford* v. *Clewell*, 21 Ohio St., 191; *Schneider* v. *Hosier*, id., 98; *State* v. *Luddington*, 33 Wis., 107; *Wightman* v. *Devere*, id., 570; *Kreiter* v. *Nichols*, 28 Mich., 496; *Worley* v. *Spurgeon*, 38 Iowa, 465; *Woolheater* v. *Risley*, id., 486; *Hackett* v. *Smalsley*, 77 Ill., 109; *Schafer* v. *Smith*, 4 Cent. L. F., 271.)

ANDREWS, J. The question of the constitutionality of the civil damage law has been decided at this term in the case of *Bertholf* v. *O'Reilly*.[*] The additional question in this case relates to the right of the plaintiff, upon the facts proved, to recover damages for injury to his means of support. The plaintiff's minor son, a young man about twenty years of age, living with his father, in September, 1874, went to Ogdensburg and procured, at various hotels and saloons in that place, intoxicating liquors, and becoming intoxicated, fell and injured his head. In consequence of the debauch and injury he became sick, and for several months was confined to his bed, in his father's house. The plaintiff was subjected to medical and other expenses of the son's illness, and was deprived, during the time, of the services which the son had been accustomed to render him upon his farm. The defendants sold to the son a part of the liquor which caused his intoxication. The plaintiff owned and cultivated a farm of over 100 acres. There is no other evidence of his pecuniary condition. It does not appear whether he depended for his support upon the proceeds from the farm, or that the labor of the son was necessary for that purpose, or that the charges to which he was subjected, by reason of the son's illness, diminished his income below the amount required for his support. Upon

[*] *Ante*, page 509.

this state of facts, the defendant's counsel, at the close of the proof, requested the court to charge the jury that the *onus* was upon the plaintiff of proving that he had sustained damage, in his means of support, by reason of the intoxication and consequent illness of the son, and that no proof that he had sustained such damage had been given. The court refused so to charge, and the defendant's counsel excepted. We think the exception was well taken.

One of the grounds urged in support of this exception is that the injury, for which an action lies under this statute, must be one for which, by the pre-existing law, a remedy by action existed. It is claimed that the act does not create a cause of action for an injury not before remediable by action, and that the only change wrought by the act was to extend the pre-existing remedy, so as to make the vendor of liquors and the landlord, under the circumstances specified in the act, liable for injuries committed by an intoxicated person, instead of confining the remedy to the immediate wrong-doer, according to the general rule of the common law. This construction of the statute is inadmissible.

Both direct and consequential injuries are plainly included in the remedy given, and the Legislature, by giving a right of action for injury to "means of support" — a cause of action unknown to the common law — evidently intended to create a new ground and right of action. The case of a husband, having a wife and family dependent upon him for support, and who, by reason of intoxication, becomes incapacitated to labor, and neglects to provide for them, or squanders his substance, and reduces thereby his family to penury and want, is within the act, although the facts would not constitute an actionable injury before the statute. It is quite plain that cases of this kind were in the contemplation of the Legislature. The words, "means of support" in connection with the designation of the persons, in whose favor the remedy is given, viz.: husband, wife, child, parent, etc., denote that it was not alone a common law injury, or an injury before remediable by action,

to which the statute was intended to apply. The exception cannot therefore be sustained upon the ground first stated.

But we think the exception was well taken, for the reason that there was no evidence that the plaintiff was injured in his "means of support," by or in consequence of the intoxication of his son, within the meaning of the statute. The words are new in legal enactments, and have no settled legal meaning. We shall not undertake to define the cases to which they apply. Their scope can best be determined as the cases arise. But we are of opinion that where injury to "means of support" is the gravamen of the action, the plaintiff, in order to maintain the action, must show that, by or in consequence of the intoxication or the acts of the intoxicated person, his accustomed means of maintenance have been cut off or curtailed, or that he has been reduced to a state of dependence, by being deprived of the support which he had before enjoyed; and that, in this case, the plaintiff cannot recover for loss of service or the expenses of his son's illness, under the words "means of support," without proof that the services were necessary to his support, or that the charge brought upon him, by his son's illness, diminished his means, so as to render them inadequate therefor.

The primary purpose of the Legislature, in giving a right of action for an injury of this character, was the protection of the dependent and helpless. Diminution of income, or loss of property, does not constitute an injury to means of support, within the fair intendment of the statute, if the plaintiff, notwithstanding, has adequate means of maintenance, from accumulated capital or property, or his remaining income is sufficient for his support.

For the error of the court, in refusing to charge as requested, the judgment should be reversed, and a new trial ordered.

All concur.

Judgment reversed.