### IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, 1887.

---

PRESENT:

HON. SAMUEL MAXWELL, CHIEF JUSTICE.
" M. B. REESE, } JUDGES.
" AMASA COBB,

---

MARCUS HUTCHINSON ET AL., PLAINTIFFS IN ERROR, V.
EVA HUBBARD, DEFENDANT IN ERROR.

Liquors: ACTION FOR DAMAGES: VERDICT. Where in an action by a wife against certain saloon keepers and their bondsmen, to recover for loss of means of support caused by intoxicating liquors sold her husband, the jury returned a verdict for $300, *Held,* That the evidence fully sustained the verdict.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*Dilworth, Smith & Dilworth,* for plaintiffs in error.

*Stuart & McPheely,* for defendant in error.

3

MAXWELL, CH. J.

This action was brought in the district court of Kearney county, by the defendant in error against the plaintiffs, to recover for loss of means of support, caused by the sale of intoxicating liquors by Hutchinson & Bennett to her husband.    In her petition she alleges that Hutchinson & Bennett were duly licensed to sell malt, spirituous, and vinous liquors by the trustees of the village of Minden, and had given bond duly signed by Hutchinson & Bennett as principals and Herman Wagenknecht, Miles Frien, Josiah Mathers, and Patrick Moran as sureties, with the usual conditions required in a bond of said nature.

3d.    That the said Eva Hubbard has been the wife of Delos W. Hubbard for sixteen years last past, that she has five minor children, and that she has resided in Kearney county for more than eight years last past.

4th.    That the said Delos W. Hubbard was a farmer by occupation, and while not under the influence of liquor, and abstaining from the use of intoxicating liquors, is industrious and energetic.    That the said Eva Hubbard and her children are entirely dependent upon said Delos W. Hubbard for their support, upon the earnings of his labor.    That on the 4th of July, 1884, and continuously and at divers times before and since that date, defendants, Marcus Hutchinson and Hiram Bennett, sold and furnished to said Delos W. Hubbard intoxicating liquors, thereby causing intoxication at said times and days, whereby the said Hubbard has been greatly injured in health, unfitted for labor, and has failed to support the said Eva Hubbard and her said family, and has caused her great mental suffering and indignity.

5th.    And she alleges that said Delos W. Hubbard has been rendered unfit and disqualified to support and maintain her and her family by reason of the intoxicating liquors sold, given, and furnished him by the said Hutchinson & Bennett.

Hutchinson v. Hubbard.

That she has lost her means of support, that she has been damaged in the sum of three thousand dollars, no part of which has been paid, and asks judgment for three thousand dollars and costs of suit.

The defendants answered, admitting the obtaining of the license and the giving of the bond, and denying each and every other allegation.

On the 13th day of January, 1886, there was a trial to a jury, with verdict for the plaintiff for the sum of $300.

The only errors assigned in this court are that the verdict is not sustained by sufficient evidence, and that the court erred in overruling the motion for a new trial.

A very large amount of testimony was introduced on the trial which is now before us.    It is unnecessary in this connection to set it out in full or even give a synopsis of it. That the wife suffered great wrongs by the sale of intoxicating liquor to her husband by Hutchinson & Bennett, is duly proved.    That he was in the habit of becoming intoxicated and squandering his means of subsistence when in that condition is not denied, the plea being in effect that the liquor was not furnished by Hutchinson & Bennett. There was sufficient testimony before the jury, however, to justify them in finding that the parties named did furnish the liquor, or at least a portion of it, to produce such intoxication, and this is all that the law requires.    *Bauer v. Kerkow*, 15 Neb., 150.    It is pretty clear that the error of the jury, if any, consisted in finding an insufficient sum— much less than the actual damages proved.    But as no error is assigned on that ground it cannot be considered. There is no error in the record of which the plaintiffs can complain, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.