ORIN S. BACON, JR., RESPONDENT, *v.* ALBERT JACOBS AND ANOTHER, APPELLANTS.

*Civil damage act — proximate cause of injuries — evidence of ill-feeling between the parties, to an assault by an intoxicated person, is incompetent—Laws of 1873, chap. 646.*

In an action, under the civil damage act, against the owner and the lessee of a hotel for injuries sustained by the plaintiff from an assault made upon him by one Gilroy, caused, as alleged, by intoxicating liquors sold him by the lessee, the defendants requested the court to charge that the acts of the defendants, or of one of them, must be proved to be the proximate cause of the injury or the plaintiff could not recover.

*Held,* that the request was properly refused.

*Semble,* that a request to the court to charge that the intoxication must be proved to be the proximate cause of the plaintiff's injury might have been proper.

It appeared that there had existed between the plaintiff and Gilroy, for some time before the assault, serious ill-feeling. The defendants requested the court to charge that if Gilroy was intoxicated, or partly so, and committed the assault, not on account of his intoxication, but on account of an old feud between himself and the plaintiff, the plaintiff could not recover.

*Held,* that the request was properly refused.

That the statute created an absolute liability and precluded any examination into the question whether, except for the intoxication, the assault would have been committed.

APPEAL by the defendants, Albert Jacobs and Garrett Burns, from a judgment in favor of the plaintiff for $2,750, with costs, after a trial at the Ontario Circuit before the court and a jury, entered in the clerk's office of said county on March 3, 1890; and also from an order, entered in said clerk's office on February 3, 1891, denying defendants' motion for a new trial made upon a case containing exceptions.

*John Van Voorhis,* for the appellants.

*Frank Rice,* for the respondent.

MACOMBER, J.:

A recovery of a verdict in the sum of $2,750 was had at the circuit in this action, which was brought under chapter 646 of the Laws of 1873, commonly known as the civil damage act.

The defendant Jacobs was the owner of a hotel in the village of Victor, N. Y., but had nothing to do with the management of the business thereof. The defendant Burns was the lessee of the hotel and carried on the general business of a licensed hotel and innkeeper. The charge against both is, that on the 5th day of February, 1889, the defendant Burns furnished to one Gilroy intoxicating liquors which produced his intoxication, and that Gilroy, when in that condition, produced in whole or in part by the liquor obtained at the defendant's hotel, assaulted the plaintiff, doing him serious bodily harm. Evidence was adduced at the trial sufficient to warrant the jury in finding that Gilroy was, in fact, intoxicated at the time he committed the assault upon the plaintiff, and that such intoxication was, partially at least, produced by the liquor obtained by him at the hotel kept by the defendant Burns.

The learned counsel for the appellant, in his argument in favor of a reversal of the judgment and order, mainly relied upon certain exceptions taken at the trial, two of which merit serious consideration. The case shows that he requested the court to charge the jury that the acts of the defendants, or one of them, must be proved to be the proximate cause of the injury, or the plaintiff cannot recover. The court refused so to charge, and the defendants excepted. Counsel relies largely upon the case of *Davis* v. *Standish* (26 Hun, 608) as an authority to show that such refusal of the judge at the circuit was an error. But we do not so

understand that authority. The request made in this case was not that the intoxication must be proved to be the approximate cause of the injury sustained by the plaintiff. If that proposition had been made and refused, a most grave question would have arisen of very doubtful solution. The acts of the defendants, or the acts of either of them, cannot be said to be the proximate cause of the assault made upon the plaintiff by Gilroy. Furnishing liquor to Gilroy was but a remote cause of such injuries. The intoxication of Gilroy was the proximate cause, so far as this question is involved, for it was that cause which immediately preceded and directly produced the effect complained of, and is to be distinguished from any remote, mediate or disposing cause. There is, indeed, much in the discussion contained in the opinion above cited, which goes to show, at least inferentially, that it is incumbent upon the plaintiff, in an action of this character, to prove that the injuries sustained were produced by the intoxication of a person, and that such intoxication was the proximate cause thereof. (See *Beers* v. *Walhizer*, 43 Hun, 254.) The question here raised by counsel, if of the precise nature which he claims it to be, could be more nearly allied to the next question which we proceed to consider, and which is far from being free from doubt or embarrassment.

The other exception arose as follows : Counsel for the defendants at the trial requested the court to charge the jury that if Gilroy was intoxicated, or partly so, and committed the assault, not on account of his intoxication, but on account of an old feud that he and the plaintiff had between them, the plaintiff could not recover. The court refused so to charge, to which refusal an exception was taken.

The evidence establishes, with some degree of conclusiveness, that there did exist, before the time of the assault, a condition of serious ill feeling between the plaintiff and Gilroy. The plaintiff testified that Gilroy came to his shop on the day in question and wanted to know what plaintiff had against him. Plaintiff says that he told him that he had nothing against him. Gilroy accused him of talking badly about him. Plaintiff told him to leave the shop or he would have him arrested. On cross-examination the plaintiff testified that three or four times previous to the trial he had caused Gilroy's arrest by lodging a complaint against him for being drunk and disorderly, upon which charge Gilroy was convicted and sent

to the penitentiary or jail. After further testifying that he had reason to believe that Gilroy would come over to his shop; the plaintiff proceeds as follows in his version of an interview between him and the defendant Burns: "He (Burns) asked me if he (Gilroy) should come over there and pitch into me what I would do. Q. Did you have any reason to believe that he would come over there? A. Yes, sir; I had reason to believe so. Q. Did he come in there frequently when he was drunk? A. Yes, sir; oftentimes." The plaintiff also testified that Gilroy, when sober, was a mild-mannered and inoffensive man, and that he, the plaintiff, had no apprehension of him except when intoxicated. The defendant Burns testified that while walking by the plaintiff's shop the latter spoke to him and wanted to know if that long-legged (giving a vulgar name), was over to his house. "I says, 'Who?' and he says, 'That long-legged Gilroy;' and I says, 'He wasn't there when I came away;' and he said, 'He has been over here raising the devil, and if he comes in again I will split him with a cleaver.'"

This evidence was of a character to enable the jury, if it had been permitted by the court, to say that the bitter feelings existing between the plaintiff and Gilroy were of a permanent character, liable at any time to lead to an open assault by Gilroy upon the plaintiff, irrespective of the state of intoxication of Gilroy. We say there is evidence pointing in that direction, but do not mean to be understood as saying that it establishes such proposition.

The question, therefore, presented by this exception, is whether, under these circumstances, it was error for the court to refuse to charge in accordance with the request made by the counsel for the defendants. Were it a question to be determined by the rules of the common law, but one answer could be made to it, and that is that such ruling was error. But under the rigid, not to say harsh, provisions of the statute, we think, on the whole, that the decision of the learned judge at the circuit may be sustained. This statute, as has been repeatedly said, gives a cause of action where none existed at common law or by statute before its enactment, and renders persons liable to suit in damages where the principles of the common law do not. (*Volans v. Owen,* 74 N. Y., 526; *Bertholf v. O'Reilly,* id., 509; *Mead v. Stratton,* 87 id., 493; *Reid v. Terwilliger,* 116 N. Y., 530.)

That portion of the statute material to this inquiry is as follows: " Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her name, against any person or persons who shall, by selling or giving away any intoxicating liquors, *caused* (*sic*) the intoxication, in whole or in part, of such person or persons," etc.

This statute seems to render a defendant absolutely liable for the wrongs perpetrated by a person while intoxicated, when the intoxication was caused in whole or in part by the defendant, and precludes an examination into the further question whether or not, except for such intoxication, the injuries would have been inflicted. The plaintiff was injured in his person by Gilroy while the latter was intoxicated. The expression is " by any intoxicated person," apparently closing all inquiry into the question whether, in the instance now before us, Gilroy would have committed the assault except for the intoxication. The courts of this State have upheld the constitutionality of this law, and have steadily enforced its provisions with great uniformity of decision. It has now been on our statute book for nearly twenty years, and we are not disposed to say that this particular provision now, for the first time, so far as we are aware, directly involved, is in contravention of the organic law of the State. In *Neu* v. *McKechnie* (95 N. Y., 632), which was an action by a child to recover damages for the loss of means of support where the intoxicated person, his father, had, after killing his wife, committed suicide, it is stated in the opinion that the jury were not to inquire whether either the homicide or the suicide was the natural, reasonable or probable consequence of the defendant's act, and then proceeds as follows: " It is enough if while intoxicated, in whole or in part, by liquors sold by the defendants, those acts were committed."

On the whole, on account of the expressions contained in the opinion in the above cited case, we think the judgment appealed from should be affirmed.

LEWIS, J., concurred; DWIGHT, P. J., taking no part.

Judgment and order appealed from affirmed.