## NELSON ET AL. v. STATE, EX REL. HUNTER.

[No. 4,650. Filed December 17, 1903.]

INTOXICATING LIQUORS.—*Unlawful Sales.*—*Damages for Death of Husband.*—An action for damages may be sustained under §7288 Burns 1901 by a widow for the loss of her means of support resulting from the death of her husband caused by use of intoxicating liquors furnished him in violation of law. *pp. 89, 90.*

SAME.—*Unlawful Sales.*—*Damages for Death of Husband.*—*Proximate Cause.*—The sale of liquor to one while intoxicated was the proximate cause of his death, where it was shown that by reason of such intoxication he lost his reason and judgment and all care of himself, and, while drunk and unconscious, contracted a severe cold, although the direct cause of his death was pneumonia. *p. 91.*

SAME.—*Unlawful Sales.*—*Damages for Death Resulting from Exposure.*—*Proximate Cause.*—Disease brought about through exposure by a person unable to care for himself because of intoxication is neither extraordinary nor unnatural, and is, within the meaning of the law, the ordinary and natural result of the wrongful sale of liquor to an intoxicated person. *p. 91.*

SAME.—*Unlawful Sales.*—*Damages for Loss of Support.*—*Sales by Others.*—In an action against a saloon-keeper by a woman for the death of her husband and the consequent loss of his support caused by drinking liquor sold to him unlawfully, it is not necessary to show that all the liquor which produced the intoxication was furnished by defendant. *p. 92.*

From Kosciusko Circuit Court; *H. S. Biggs*, Judge.

Nelson *v.* State, *ex rel.*

Action by State, on the relation of Myrtle M. Hunter, against Johnson Nelson and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*L. R. Stookey* and *A. F. Biggs,* for appellants.
*S. J. North, L. W. Royse* and *Bertram Shane,* for appellee.

ROBINSON, J.—Suit by appellee for damages alleged to have resulted from the wrongful sale of intoxicating liquors to the husband of relatrix. The first paragraph of complaint avers unlawful sales in January, 1900, and subsequently; that when sober her husband was industrious, had some property, and was making and earning a good living for his family; that, while intoxicated, appellant Nelson sold him intoxicating liquor, and so continued until the husband had squandered and wasted all his means for drink, and was rendered wholly unfit for any business, and for a long period so continued; and that relatrix and her child were wholly without any means of support. The second paragraph avers unlawful sales in November, 1900, by reason of which the husband became intoxicated, lost his reason and judgment and all care for himself, and while in such drunken and unconscious condition contracted a severe cold, became delirious from such intoxication and cold, and continued so until his death.

The giving of certain instructions, the refusal to give an instruction tendered, and that the verdict is not sustained by sufficient evidence, are the only questions argued.

Section 7288 Burns 1901 provides: "Every person who shall sell, barter, or give away any intoxicating liquors, in violation of any of the provisions of this act, shall be personally liable, and also liable on his bond filed in the auditor's office, as required by §4 of this act [§5315 R. S. 1881], to any person who shall sustain any injury or damage to his person or property or means of sup-

port on account of the use of such intoxicating liquors, so
sold as aforesaid, to be enforced by appropriate action
in any court of competent jurisdiction." The damages
sought to be recovered by relatrix are for the loss of her
means of support, resulting from the unlawful sale of
liquor to her husband while in a state of intoxication.
See *Mulcahey* v. *Givens*, 115 Ind. 286; *Baecher* v. *State,
ex rel.*, 19 Ind. App. 100; *Smiser* v. *State, ex rel.*, 17
Ind. App. 519; *Homire* v. *Halfman*, 156 Ind. 470;
*Wightman* v. *Devere*, 33 Wis. 570.

As the action is founded upon the above statute, the
second paragraph of complaint is not to recover damages
for the death of the husband, but for the consequent in-
jury to her means of support. The statute says nothing
about an action for the death of the husband. But it is
clear that if, through such intoxication, the husband
should become permanently disabled for labor and for
earning a support for his family, an action for damages
would be within the intent and meaning of the statute.
It certainly could not be said that the wife might sue
if the wrongful acts deprived her of her means of support
because of her husband's permanent disability, and that
she might not sue if the same conditions resulted from
his death.

Counsel for appellants insist that the unlawful sales,
if any, to the husband, were not the proximate cause of
his death, but that other agencies intervened, and that
damages may be recovered only for the natural and prob-
able consequences of the wrongful act, and not for those
which arise from a conjunction of such wrongful act and
other circumstances. Under the second paragraph of com-
plaint it must be made to appear that the intoxication
was the proximate cause of the death. But it is not nec-
essary that it should have been the immediate cause. The
proximate cause in such case is the efficient cause. If
the death resulted from a cause incidental to some con-

trolling agency, although such cause is nearer in point of time to the result, such controlling agency is the dominant and proximate cause. If the two causes were independent of each other, that nearest in place and time is chargeable with the loss. But where the immediate cause of the death grew out of and resulted from some dominant cause, such dominant cause is the proximate cause of the death. So that even if it appeared that the death resulted from pneumonia, if the pneumonia was the direct result of excessive drinking of intoxicating liquor, unlawfully sold, the intoxication was the proximate and efficient cause of the death. See *Billman* v. *Indianapolis, etc., R. Co.,* 76 Ind. 166, 40 Am. Rep. 230; *Binford* v. *Johnston,* 82 Ind. 426, 42 Am. Rep. 508; *Davis* v. *Standish,* 26 Hun 608; *Schroder* v. *Crawford,* 94 Ill. 357, 34 Am. Rep. 236; *King* v. *Haley,* 86 Ill. 106, 29 Am. Rep. 14; *Bacon* v. *Jacobs,* 63 Hun 51; 17 N. Y. Supp. 323.

It is true it is the general rule that injury resulting from a wrong must be such as might have been reasonably foreseen and provided against. But it is never necessary that the precise injuries which did occur could have been foreseen. If the act of the wrongdoer "has a tendency to injure some person of the general public, or many persons, and finally does in the manner which was beforehand probable cause such injury, it is proximate." Sutherland, Damages (2d ed.), §25. It can not be said that it is not a reasonable consequence of the sale of liquors to an intoxicated person that he will expose himself to the elements and contract disease. As disease brought about through exposure by a person unable to care for himself because of intoxication is neither extraordinary nor unnatural, it is, within the meaning of the law, the ordinary and natural result of the wrongful sale of liquor to a person intoxicated. See *Dunlap* v. *Wagner,* 85 Ind. 529, 44 Am. Rep. 42; *Mead* v. *Stratton,* 87 N. Y. 493, 41 Am. Rep. 386; *Mulford* v. *Clewell,* 21 Ohio St. 191.

Nor is it necessary that all the liquor producing intoxication should have been sold by appellant. *Smiser* v. *State, ex rel., supra*. The charge is that sales were made to the husband while he was intoxicated. The statute makes such sales unlawful. If the husband's death destroyed the wife's means of support, it is sufficient if the intoxication, caused in whole or in part by liquor unlawfully sold by appellant, was the cause of the husband's death. The question to be determined was whether the loss of means of support could be traced to the wrongful sale of intoxicants by appellant. See *Homire* v. *Halfman, supra; Woolheather* v. *Risley,* 38 Iowa 486; *Beers* v. *Walhizer,* 43 Hun 254; *McCarty* v. *Wells,* 51 Hun 171, 4 N. Y. Supp. 672; *Schneider* v. *Hosier,* 21 Ohio St. 98; *Volans* v. *Owen,* 74 N. Y. 526, 30 Am. Rep. 337; *Bertholf* v. *O'Reilly,* 74 N. Y. 509, 30 Am. Rep. 323.

Liability exists in such cases although the unlawful sales may not have been made by a defendant in person, but by some one authorized to make sales and to conduct the business generally. *Boos* v. *State, ex rel.,* 11 Ind. App. 257; *Reath* v. *State, ex rel.,* 16 Ind. App. 146; *Keedy* v. *Howe,* 72 Ill. 133; Black, Intox. Liq., §298; *Peterson* v. *Knoble,* 35 Wis. 80.

Applying these principles, we find no reversible error in the instructions given by the court. The material part of the one instruction requested by appellant was included in the court's instructions. A careful reading of the evidence discloses some evidence which, with the legitimate inferences to be drawn, sustains the conclusion reached by the jury. The testimony as to the unlawful sales was not disputed by appellant Nelson, or any of his agents or servants. We could not disturb the verdict without weighing the evidence.

Judgment affirmed.